UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONNIE JONES,
    *Plaintiff*,

v.

ELIZABETH HEAP *et al.*,
    *Defendants*.

No. 3:21-cv-921 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Donnie Jones is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. Jones claims that the defendants have failed to provide him adequate cancer treatment. But because he has failed to state a plausible claim for relief under federal law, I will dismiss his case without prejudice.

**BACKGROUND**

Jones claims that he has serious medical problems including cancer.[1] As a result, he says, he is experiencing "severe suffering," "pain," and "misery," and he is worried that his life is in danger.[2] Although he has filed "numerous requests [and] grievances," he claims he has not been properly treated.[3] Instead, he says, he has "been given the run around," has heard "nothing but lies," and has been treated only with unhelpful x-rays.[4] Jones does not, however, allege what treatments he has specifically requested yet been denied.

Further, although Jones names three defendants—Elizabeth Heap, "Mrs. Torres," and Richard Furey—he does not explain who in particular ignored his grievances.[5] Instead, he

---

[1] Doc. #1 at 3.
[2] *Id.* at 6.
[3] *Id.* at 3.
[4] *Id.* at 3, 6.
[5] *Id.* at 2, 4.

1

alleges that there is "systemic medic[al] malpractice and neglect throughout the entire Dept. of Corrections."[6] And without elaborating, he claims that he is "being discriminated against."[7]

Jones has sued the three defendants for violating his federal rights, although he does not name a specific federal right. He asks the Court to order the defendants to send him to a hospital.[8] He also requests several specific diagnostics and treatments, including a lymph node exam and surgical removal of any cancerous nodes.[9]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although Jones does not name a particular federal right, his complaint mostly implicates his rights under the Eighth Amendment. That amendment to the Constitution protects against the

---

[6] *Id*. at 6.
[7] *Id.* at 3.
[8] *Id.* at 8.
[9] *Id.* at 11.

infliction of cruel and unusual punishment. *See* U.S. Const. amend. VIII. The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm or to the serious medical needs of a sentenced prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). I take judicial notice that Jones was sentenced in 2018.[10]

A deliberate indifference claim under the Eighth Amendment has two requirements. First, the prisoner must allege that he was subject to an objectively serious risk of harm or serious medical need, as distinct from what a reasonable person would understand to be a minor risk of harm or minor medical need. Jones alleges that he suffers from serious medical problems including cancer. For purposes of this order, I will assume that Jones's cancer is serious enough to satisfy the objective prong of the Eighth Amendment standard.

But Jones has failed to plausibly allege the second prong—that any defendant was recklessly indifferent to his medical needs. Jones must allege that the defendants acted not merely carelessly or negligently, but with a subjectively reckless state of mind akin to criminal recklessness. In other words, he must allege that they were aware that he would be seriously harmed if they did not act. Negligence that would support a claim for medical malpractice is not enough. Nor is a mere disagreement over the treatment provided. *See, e.g., Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012) (*per curiam*); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).

Jones has not plausibly alleged reckless indifference. He claims in a conclusory manner that the prison systematically ignored his complaints and failed to treat him. But a complaint that

---

[10] Connecticut State Department of Correction, Inmate Information (Jones, Donnie #334680), *available at* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=334680 (last accessed June 9, 2022).

lumps all the defendants together by means of a sweepingly general allegation of wrongdoing does not plausibly allege a claim for relief against any one defendant. *See Clary-Butler v. AFSCME Loc. 3144 Union*, 2017 WL 1393691, at *2 (D. Conn. 2017). In particular, the complaint is lacking in two ways. First, it does not explain what Jones told the prison officials about his illness and what specifically he requested from them. Without those details, Jones has failed to plausibly allege that he is a victim of deliberate indifference as distinct from medical negligence or malpractice. Indeed, the complaint expressly alleges that "there has been nothing but systemic medic[al] malpractice and neglect."[11]

Second, Jones has failed to explain each defendant's specific role in this case. Because Jones is suing only for injunctive relief, he need not allege that the defendants are "personal[ly] involve[d] in [the] alleged constitutional violation." *Vaughan v. Aldi*, 2019 WL 1922295, at *2 (D. Conn. 2019). But even so, he must allege that they have the "authority to carry out" the relief he has requested. *Ibid.*; *see also Smith v. Perez*, 2020 WL 2307643, at *6 (D. Conn. 2020) (explaining that an injunction may be granted "against [d]efendants in their official capacities [only] if they plausibly have the authority to grant [the plaintiff] the prospective relief"). The complaint, however, does not currently provide any details at all about the named defendants, let alone plausibly allege that they have the power to help him. Accordingly, he has not brought a plausible claim for injunctive relief against them.

Moreover, Jones lists an address for the three defendants at Osborn Correctional Institution where he was confined when he filed this complaint. The Department of Correction's website reflects that Jones is now incarcerated at the Carl Robinson Correctional Institution.[12]

---

[11] Doc. #1 at 6.
[12] *See* Inmate Information, *supra* note 10.

This casts further doubt on whether any of the three defendants is positioned to carry out any order for injunctive relief.

Jones also mentions that he was "discriminated against." This suggests that he may also be seeking to bring an Equal Protection claim. "The Equal Protection Clause … commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). But aside from claiming "discrimination," Jones does not explain how he was treated differently from anybody else. Accordingly, he has failed to plausibly allege an equal protection claim.

I will therefore dismiss the complaint without prejudice to Jones's filing an amended complaint. Jones is advised that any amended complaint should allege specific facts and approximate dates of any alleged misconduct by, or his communication with, the defendants. If he continues to seek injunctive relief, his complaint should explain why the defendants have the authority to issue that relief. It is not sufficient for Jones to state that the defendants have violated the law without also alleging specific acts of misconduct that amount to deliberate indifference or discrimination.

## CONCLUSION

Jones has not stated a plausible claim for relief under federal law. Accordingly, the Court DISMISSES this action, and the Clerk of Court shall close this case. If, however, Jones believes that there are additional facts that he can allege that will overcome any of the deficiencies identified in this ruling, then Jones may file a proposed amended complaint within 30 days of

this order which the Court will construe as a motion to re-open and conduct another initial review pursuant to 28 U.S.C. § 1915A.

Dated at New Haven this 9th day of June 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge